IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3068-F

| CHARLES MARSHALL AND ANTHONY HOOVER, | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | **ORDER** |
| BEVERLY EAVES PERDUE, et al., | ) |  |
| Defendants. | ) |  |

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiffs' motion for addendum (DE # 10)[1], motion to appoint counsel (DE # 5), motion for chapter 101 records (DE # 12), and "motion to addendum" and for class action (DE # 13). The matters are ripe for adjudication.

The court first considers plaintiffs' motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982));

---

[1] Plaintiffs' motion captioned addendum appears to be a request to consolidate this action with Hoover v. Lewis, No. 5:11-CT-3047-FL (E.D.N.C. March 7, 2011).

see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because the claims asserted by plaintiffs are not complex, and where they have demonstrated through the detail of their filings they are capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. As such, plaintiffs' motion to appoint counsel is DENIED.

The court next turns to plaintiffs' May 24, 2011 "motion to addendum," in which they seek to bring this action as a class action. The Fourth Circuit Court of Appeals does not allow for certification of a class where a *pro se* litigant will act as representative of that class because it is plain error for a *pro se* litigant to represent other inmates in a class action. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam); see Bedell v. Angelone, No. 2:01CV780, 2003 WL 24054709, * 2 (E.D. Va. Oct. 3, 2003), aff'd 87 F. App'x 323, 2004 WL 249577 (4th Cir. Feb. 11, 2004). Because plaintiffs are proceeding *pro se*, they may not bring this action on behalf of other inmates in the form of a class action. See id. Thus, plaintiffs' motion for class certification is DENIED.

The court now turns to its frivolity review. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th

2

Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiffs brings this action against Robert C. Lewis, Alvin W. Keller, Jr., Roy Cooper, Faye E. Daniels, and Beverly Eaves Perdue. In their complaint, plaintiffs allege that defendants have denied them access to courts and have violated their rights pursuant to the First Amendment of the United States Constitution because the state of North Carolina does not have law libraries in prisons. As relief, plaintiffs request that the court order the reinstatement of law libraries in the state of North Carolina.

Inmates are entitled to access the courts regarding direct criminal appeals, habeas corpus proceedings, and civil rights actions to challenge conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 355 (1996). In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828; see Strickler v. Waters, 989 F.2d 1375, 1385 (4th Cir. 1993) ("*Bounds* did not hold that there is a right of access to a law library; it held that there is a right of access to the courts. It does not inexorably follow from the fact that an institution's library is inadequate or that access to that library

3

is restricted . . . that the prisoner was denied access to the courts.") The State of North Carolina has established North Carolina Prisoner Legal Services ("NCPLS") which provides inmates with the constitutionally mandated level of assistance necessary to protect their meaningful access to the courts. See Wrenn v. Freeman, 894 F.Supp. 244, 247-49 (E.D.N.C. 1995), aff'd, 92 F.3d 1184 (4th Cir. 1996), cert. denied., 519 U.S. 1136 (1997). Courts have repeatedly found that the NCPLS plan provides the constitutionally mandated minimum level of access required by Bounds. Id. Thus, plaintiffs have not alleged a constitutional violation.

Additionally, to state a cognizable claim for denial of access to the courts, an inmate must allege an "actual injury" as a result of prison officials' conduct. Lewis, 518 U.S. at 349. "Because Bounds [v. Smith, 430 U.S. 817 (1977)] did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351; Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006). The inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.; Michau, 434 F.3d at 728. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 353.

Here, plaintiffs fail to allege that a nonfrivolous claim has been frustrated or impeded by defendants. Lewis, 518 U.S. at 355. Additionally, nothing in the complaint demonstrates that plaintiffs have been denied access to courts. Accordingly, plaintiffs' action is DISMISSED as frivolous.

In summary, plaintiffs' motion to appoint counsel (DE # 5) and "motion to addendum" and for class action (DE # 13) are DENIED. Additionally, plaintiffs' action is DISMISSED as frivolous. Accordingly, plaintiffs' motion for addendum (DE # 10) and motion for chapter 101 records (DE # 12) are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This, the 11th day of July, 2011.

／s／ James C. Fox
James C. Fox
Senior United States District Judge